BRUNSWICK MOTOR MART *vs.* MILDRED STROUT, Trustee.

Cumberland County. Decided November 25, 1921. Petition for partition of land in Brunswick of which the petitioner owns one-sixth and the defendant five-sixths in common.

Judgment for partition was rendered and commissioners appointed. The report of the commissioners sets off to the petitioner two contiguous parcels and to the defendant the remainder of the property. The report further finds that the parcels set off to the petitioner are of greater value than its share and awards $267 to be paid the defendant as owelty. No objection is made to this feature of the report.

For reasons hereinafter stated the petitioner moved that the report be recommitted. This motion was denied and the petitioner reserved exceptions.

The case discloses that the petitioner has occupied a part of the land at the corner of Middle and Elm Streets under two leases from its co-owner, and that the land set off to it by the commissioners is the same premises described as demised in the leases.

The bone of contention is a small parcel, fifteen feet wide on Elm Street. The petitioner in its bill of exceptions says: "According to the true construction of the leases as the petitioner claims they include while the construction of the commissioners excludes (the fifteen foot strip). The sole purpose of the exceptions is to correct this alleged error." The petitioner makes no claim under R. S., Chap. 93, Secs. 16 and 17.

Its contention is that properly construed the leases include the fifteen foot parcel; that the commissioners intended to set off to it all land leased including the parcel in question, and that through error they failed to do it.

But an examination of the evidence discloses no error. What the commissioners undoubtedly intended to assign to the petitioner was the land *described* in its *recorded* leases. This they did using descriptions precisely the same in effect as and almost identical in language with those contained in the leases. If the coveted parcels were included in the descriptions contained in the leases it would also be included in the part assigned to the petitioner. Not being so included it is not so assigned.

It is true that the parties interested, or some of them at the time the leases were given, believed that they included the fifteen foot strip. But this mistaken notion which was speedily corrected by survey cannot be assumed to have been taken by the commissioners as the basis of their partition.

The "true construction" contended for by the petitioner is reformation rather than construction. It may be that equity would compel a reformation of the instruments. But the commissioners adopted actual descriptions contained in existing leases not suppositious descriptions that might be contained in leases if reformed.

The commissioners found the petitioner in occupation of two contiguous parcels described in recorded leases. They determined that these parcels were more than equivalent to the petitioners one-sixth interest, but set them off to it subject to payment of owelty. The petitioner is not entitled to any more. The refusal to recommit deprived it of no legal right. In declining to recommit the report, the presiding Justice exercised a discretionary power vested in him.

No abuse of discretion and no denial of legal right is shown. Exceptions overruled. *Arthur J. Dunton, and Barrett Potter*, for plaintiff. *Wheeler & Howe*, for defendant.